# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

|  |  |
|---|---|
| JOHN DOUGLAS ARMSTRONG JAMIESON, JOHN GORDON COLBY JAMIESON, and SARA FELICITY JAMIESON-DELGADO, <br><br>  Plaintiffs, <br><br>  v. <br><br> LAUREN EILEEN BEAR BROWN, individually and in her capacity as Trustee of the BARBARA ARMSTRONG JAMIESON FAMILY TRUST u/a/d 10-28-93, <br><br>  Defendant. | ) ) ) ) ) ) Civil Action No. 2022-0001 ) ) ) ) ) ) ) ) ) ) |

**Appearances:**
**Ryan W. Greene, Esq.**
**John P. Fischer, Esq.**
St. Thomas, U.S.V.I.
**Joel H. Holt, Esq.**
St. Croix, U.S.V.I.
   *For Plaintiffs*

**Scot F. McChain, Esq.**
St. Croix, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs John Douglas Armstrong Jamieson, John Gordon Colby Jamieson, and Sara Felicity Jamieson-Delgado's ("Plaintiffs") "Stipulation for Dismissal with Prejudice" ("Stipulation") (Dkt. No. 42) filed on January 18, 2024. In their Stipulation, Plaintiffs state that the parties "stipulate to dismiss all causes of action in this matter with prejudice" with "each party to bear [their] own attorney's fees and costs as settled and agreed between the Parties." (Dkt. No. 42 at 1).

Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides: "[T]he plaintiff may dismiss an action without a court order by a stipulation of dismissal signed by all parties who have appeared." The parties here have each signed the Stipulation, and therefore dismissal of this action has been properly effectuated.

Plaintiff requests that the Court retain jurisdiction of this matter for an unspecified period of time to enforce the settlement agreement. *Id*. The court may exercise its discretion to retain jurisdiction to enforce a settlement agreement through its "inherent power" by incorporating the agreement into the order of dismissal or retaining jurisdiction over the agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."). Here, however, the Court will not exercise its discretion to retain jurisdiction over the settlement agreement since it has been over two years since the Stipulation was filed with the Court, and the Court would not otherwise have retained jurisdiction for such an extended period. Thus, at this point, the court deems the request to retain jurisdiction as moot.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiffs John Douglas Armstrong Jamieson, John Gordon Colby Jamieson, and Sara Felicity Jamieson-Delgado's "Stipulation of Dismissal with Prejudice" (Dkt. No. 42) is **ACCEPTED**; and it is further

**ORDERED** that the Stipulation (Dkt. No. 42) serves to **DISMISS WITH PREJUDICE** the instant action, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with each party to bear their own attorneys' fees and costs; and it is further

**ORDERED** that Plaintiffs' request to retain jurisdiction over this matter is **DENIED AS MOOT** in light of the passage of time; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case **CLOSED.**

**SO ORDERED**.

Date: February 14, 2026             _____/s/_____
                                    WILMA A. LEWIS
                                    Senior District Judge